# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2023

Lyle W. Cayce
Clerk

No. 23-30092
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

James Christopher Weeks,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CR-155-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant James Christopher Weeks pleaded guilty, pursuant to a written plea agreement without an appeal waiver, to conspiracy to possess 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) & 846.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30092

The district court sentenced Weeks within the guidelines range to 360 months of imprisonment and imposed a 10-year term of supervised release. Weeks now appeals his sentence, arguing that the district court erred by refusing to reject the methamphetamine-purity distinction in U.S.S.G. § 2D1.1 and refusing to deviate from the Guidelines based on his arguments that the methamphetamine Guideline is not empirically grounded and that application of the Guideline would result in unwarranted sentencing disparities.

Because Weeks preserved his arguments for appeal, we review the procedural reasonableness of his sentence for harmless error and the substantive reasonableness of his sentence for abuse of discretion. *See United States v. Robinson,* 741 F.3d 588, 598 (5th Cir. 2014). District courts have the discretion to vary from the Guidelines for several reasons, including "solely upon policy disagreement," including disagreement with the drug-purity distinctions, but they are not required to do so. *United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016) (citing *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). Nevertheless, a district court's failure to recognize that it has such discretion constitutes procedural error. *See Robinson*, 741 F.3d at 599, 601. Weeks does not allege, however, nor does the record reflect, that the district court treated the Guidelines as mandatory or did not know that it could vary based on policy disagreements. Finding no procedural error, we turn to the substantive reasonableness of Weeks's sentence.

Weeks's arguments that § 2D1.1 is not empirically grounded and results in unwarranted sentencing disparities implicate the substantive reasonableness of his sentence. However, his arguments are insufficient to rebut the presumption of reasonableness afforded to his within-guidelines sentence. "Whatever appropriate deviations it may permit or encourage at the discretion of the district judge, *Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding

behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). Additionally, *Kimbrough* does not disturb the presumption of reasonableness given to Weeks's within-guidelines sentence, "even if the relevant Guideline is not empirically based." *United States v. Lara*, 23 F.4th 459, 485 (5th Cir.) (citing *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009)), *cert. denied*, 142 S. Ct. 2790 (2022). Moreover, the district court considered Weeks's argument that there is no empirical basis for the methamphetamine guideline's purity distinctions but declined to deviate from the Guidelines on that basis. Weeks's argument is therefore insufficient to rebut the presumption that his within guidelines sentence is substantively reasonable. *See Lara*, 23 F.4th at 485-86; *United States v. Rebulloza*, 16 F.4th 480, 485 (5th Cir. 2021).

Weeks's argument that the application of the Guideline results in unwarranted sentencing disparities is insufficient to rebut the presumption of reasonableness afforded to his within-guidelines sentence. Although "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a factor that district courts consider, *see* 18 U.S.C. § 3553(a)(6), the district court in this case expressly considered that factor, along with all the § 3553(a) factors, in imposing sentence. Weeks does not argue—and the record does not reflect—that his sentence fails to account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court's judgment is AFFIRMED.